```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/27/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TONY HARRISON,

                 Petitioner,

      -against-

JAMES J. WALSH,

                 Respondent.
------------------------------------------------------------X

06 Civ. 13328 (RMB)(AJP)

**DECISION AND ORDER**

## I.   Background

On or about November 20, 2006, Tony Harrison ("Harrison" or "Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") against James J. Walsh, Superintendent of the Sullivan Correctional Facility ("Respondent"), challenging Petitioner's June 20, 2003 conviction in New York State Supreme Court, New York County, of two counts of First Degree Rape, three counts of First Degree Sodomy, one count of First Degree Robbery, and one count of First Degree Burglary in violation of New York Penal Law sections 130.35(1), 130.50(1), 160.15(1), and 140.30(2), respectively. (Petition at 2.) On October 4, 2005, the Appellate Division, First Department affirmed Petitioner's conviction. People v. Harrison, 22 A.D.3d 236, 236, 803 N.Y.S.2d 5, 6–7 (1st Dep't 2005) ("the DNA evidence was particularly powerful and established defendant's identity beyond a reasonable doubt"). On December 27, 2005, the New York Court of Appeals denied leave to appeal. People v. Harrison, 6 N.Y.3d 754, 843 N.E.2d 1162, 810 N.Y.S.2d 422 (2005).

In his Petition, Harrison argues, among other things, that the trial court erred by: (1) permitting the jury to convict him "solely on the basis of testimony of a DNA expert"; (2) violating Harrison's "federal due process rights" by "deny[ing] [Harrison's] motion to dismiss the charges . . . because they were time-barred under C.P.L. 30.10"; and (3) not "charg[ing] the

jury that . . . the [prosecution] had to prove . . . the police used extensive and diligent" efforts to identify the perpetrator. (Petition at 3A; Petitioner's Traverse, dated April 4, 2007 ("Pet'r Trav."), at 5.)

On June 1, 2007, Magistrate Judge Andrew J. Peck, to whom the matter had been referred, issued a thorough Report and Recommendation ("Report") to the Court recommending that "Harrison's habeas petition . . . be denied" because, among other reasons, his claims were "procedurally barred from habeas review." (Report at 37, 46, 58.)

Judge Peck also instructed the parties that they had "10 days from service of the Report to file written objections." (Report at 58.) On June 12, 2007, this Court granted Harrison an extension until July 2, 2007 to file his objections to the Report. (See Memo Endorsement, dated June 12, 2007.) To date, neither Petitioner nor Respondent has submitted any objections to the Report.

**For the reasons stated below, the Report is adopted in all respects and the Petition is denied.**

## II.   Standard of Review

In reviewing a magistrate judge's report and recommendation, the Court may adopt those sections of the report to which no objections have been made and which are not clearly erroneous. See Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989); Santana v. United States, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007). A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see Grassia, 892 F.2d at 19; Santana, 476 F. Supp. 2d at 302.

### III. Analysis

The Court has conducted a review of the Report, the record, and applicable legal authorities and finds that Judge Peck's determinations and recommendations are neither clearly erroneous nor contrary to law. See Pizarro v. Bartlett, 776 F.Supp. 815, 817 (S.D.N.Y. 1991).

Judge Peck properly determined that the "adequate and independent finding by the First Department that Harrison procedurally defaulted on his claim concerning the sufficiency of the DNA evidence" barred federal review. (Report at 37.) See also Velasquez v. Leornardo, 898 F.2d 7, 9 (2d Cir. 1990). Judge Peck also correctly found that "Harrison never raised a [federal] due process claim in state court," nor has he "made a showing of actual innocence," which is required to "avoid a procedural default on his unexhausted [federal due process] claim." (Report at 46, 51–2.) See Harris v. Reed, 489 U.S. 255, 262 (1989). Finally, Judge Peck concluded correctly that "Harrison's argument about the trial judge's failure to charge the jury is unpreserved [because] Harrison was not pro se at that time, and his attorney neither requested any such charge nor objected to the charge as given." (Report at 58.) See Coleman v. Thompson, 501 U.S. 722, 729–30 (1991).

### IV. Certificate of Appealability

Judge Peck has recommended that the Court not issue a certificate of appealability. (Report at 58.) The Court agrees with Judge Peck's recommendation and will not grant a certificate of appealability because Petitioner has not made a "substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); see Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

## V. Conclusion and Order

For the reasons stated above and in the Report, the Court adopts the Report in its entirety, and the Petition is dismissed. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
September 27, 2007

_____
**RICHARD M. BERMAN, U.S.D.J.**