UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

TONY HARRISON,

       Petitioner,

  - against -

JAMES J. WALSH,

       Respondent.

----------------------------------------------------------------- x

06 Civ. 13328 (RMB)

**DECISION & ORDER**

    On or about January 11, 2022, Tony Harrison ("Harrison" or "Petitioner") filed a *pro se* motion pursuant to Federal Rule of Civil Procedure 60(b)(6). *See* Notice of Motion to Vacate the Judgement Pursuant to Fed. R. Civ. P. 60(b)(6), ECF 19 ("Notice of Motion"); Affidavit in Support, dated Jan. 11, 2022, ECF 20 ("Pet. Affidavit" and, together with Notice of Motion, "2022 Petition").

    For the reasons stated below, the Court respectfully requests that the Clerk of Court transfer the 2022 Petition to the U. S. Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631.[1]

## I.   Background

### Convictions in New York State Supreme Court, New York County

    On June 30, 2003, Harrison was convicted in New York State Supreme Court, New York County "of sodomy in the first degree (three counts), rape in the first degree (two counts), robbery in the first degree and burglary in the first degree." *People v. Harrison*, 803 N.Y.S.2d 5 (N.Y. App Div., 1st Dep't 2005). Harrison was sentenced "to consecutive terms of 25 years on each conviction." *Id.*

---

[1] Any issues or arguments raised by Petitioner but not specifically addressed in this Decision & Order have been considered by the Court and rejected.

On October 4, 2005, the Appellate Division, First Department affirmed Petitioner's conviction. *Id.* On December 28, 2005, the New York Court of Appeals denied leave to appeal. *People v. Harrison*, 843 N.E.2d 1162 (2005).

**2006 Petition**

On or about November 20, 2006, Harrison filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2003 convictions ("2006 Petition"). Harrison argued, among other things, that the state trial court erred by: (1) permitting the jury to convict him "solely on the basis of testimony of a DNA expert"; (2) violating his "federal due process rights" by "deny[ing] [his] motion to dismiss the charges . . . because they were time-barred under C.P.L. 30.10"; and (3) not "charg[ing] the jury that . . . the [prosecution] had to prove . . . the police used extensive and diligent" efforts to identify the perpetrator (*i.e.*, Harrison). *Harrison v. Walsh*, 2007 WL 2844867, at *1 (S.D.N.Y. Sept. 27, 2007).

On September 27, 2007, the Court adopted in all respects the report and recommendation from Magistrate Judge Andrew J. Peck which recommended denial of the 2006 Petition. *Id.* The Court found that Judge Peck properly determined that: (1) the "finding by the First Department that Harrison procedurally defaulted on his claim concerning the sufficiency of the DNA evidence barred federal review"; (2) "Harrison never raised a federal due process claim in state court, nor has he made a showing of actual innocence"; and (3) "Harrison's argument about the trial judge's failure to charge the jury is unpreserved . . . ." *Id.* at *2 (internal quotation marks and citations omitted).

**2022 Rule 60(b)(6) Motion**

On or about January 11, 2022, Harrison filed a *pro se* motion to "vacate the judgement, pursuant to Fed. R. Civ. P. 60(b)(6)." Notice of Mot. Harrison argues, among other things, that:

(1) he "was wrongfully convicted of two (2) counts of rape in the first degree, three (3) counts of sodomy in the first degree, one (1) count of burglary in the first degree, one (1) count of robbery in the first degree" and "[o]n June 30, 2003, [he] was sentenced to seven (7) illegal consecutive sentences, such as 25 years for each count[]"; (2) "[o]n or about November 4, 2006, Petitioner filed a Federal petition for a writ of habeas corpus, which was denied on September 27, 2007"; and (3) he was wrongfully convicted in New York Supreme Court because "[o]n or about the year of 2015, Petitioner discovered that the original confirmatory DNA profiling papers of the Petitioner's oral swab[] samples was actually mishandled and purposefully combined with someone[] else['s] oral swab" and "the prosecutor's expert witness . . . mishandled the evidence and made errors in initiating the Petitioner's confirmatory oral swabs." Pet. Affidavit at 2–3, 6.

Harrison asks the Court to "vacate the judgement, pursuant to: Fed. R. Civ. P. 60(b)(6), and re-open Petitioner's original writ of habeas corpus, d[ue] to showing of newly-discovered evidence & the [] extraordinary circumstances of Petitioner's case." Pet. Affidavit at 10.

## II.    Legal Standard

"A habeas petition is considered second or successive if, 'in a broad sense,' it attacks the same judgment as a prior habeas petition." *Cosey v. Lilley*, 368 F. Supp. 3d 671, 673 (S.D.N.Y. 2019) (quoting *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003)). "If a Rule 60(b) motion advances a substantive claim for relief that has been previously denied in a habeas petition, then the Rule 60(b) motion is more properly considered to be a second or successive habeas petition." *United States v. Farmer*, 2020 WL 4748294, at *2 (S.D.N.Y. Aug. 16, 2020) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).

Under the Antiterrorism and Effective Death Penalty Act of 1996, "[b]efore a second or successive [habeas] application . . . is filed in the district court, the applicant shall move in the

appropriate court of appeals for an order authorizing the district court to consider the application."
28 U.S.C. § 2244(b)(3).  If a petitioner "does not obtain authorization to bring a successive section
2254 petition, the district court is 'without jurisdiction to entertain it.'"  *Gakuba v. Doe*, 2022 WL
561669, at *2 (S.D.N.Y. Feb. 22, 2022) (quoting *Burton v. Stewart*, 549 U.S. 147, 153 (2007)).

"The Second Circuit has held, in the context of petitions requiring its authorization, that
'when a second or successive petition for *habeas corpus* relief . . . is filed in a district court without
the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer
the petition or motion to this Court in the interest of justice pursuant to [28 U.S.C.] § 1631.'"  *Id.*
at *4 (quoting *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996)).

"[T]he submissions of a *pro se* litigant must be construed liberally and interpreted to raise
the strongest arguments that they suggest."  *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d
Cir. 2020) (citation omitted).

## III.   <u>Analysis</u>

Harrison's 2006 Petition challenged his 2003 convictions in New York Supreme Court.
*See Harrison*, 2007 WL 2844867, at *1 (Harrison's petition "challeng[ed] [his] June [3]0, 2003
conviction in New York State Supreme Court, New York County of two counts of First Degree
Rape, three counts of First Degree Sodomy, one count of First Degree Robbery, and one count of
First Degree Burglary[.]").  This Court denied the 2006 Petition on September 27, 2007. *Id.*

Harrison's 2022 Petition challenges the same 2003 convictions in New York Supreme
Court.  *See* Pet. Affidavit at 2 (Petitioner "was wrongfully convicted of two (2) counts of rape in
the first degree, three (3) counts of sodomy in the first degree, one (1) count of burglary in the first
degree, one (1) count of robbery in the first degree" and "on June 30, 2003, [he] was sentenced to
seven (7) illegal consecutive sentences[.]").  In other words, although labeled a Rule 60(b) motion,

the 2022 Petition "attacks the same judgment as a prior habeas petition." *Cosey*, 368 F. Supp. 3d at 673. Thus, the 2022 Petition is "properly considered [] a second or successive habeas petition." *Farmer*, 2020 WL 4748294, at *2.

This Court "is without jurisdiction to entertain" the 2022 Petition until Petitioner obtains authorization from the Court of Appeals for the Second Circuit to bring it. *Gakuba*, 2022 WL 561669, at *2 (internal quotation marks and citation omitted).

IV.    **Conclusion & Order**

For the forgoing reasons, the Clerk of Court is respectfully requested to transfer the 2022 Petition to the U. S. Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631. The Clerk of Court is also respectfully requested to mail a copy of this Decision & Order to Petitioner and to close this case.


Dated: New York, New York

October 4, 2022


*Richard M. Berman*
_____

**RICHARD M. BERMAN, U.S.D.J.**